IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRITTEN Y. ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 123-086 |
| ) | |
| GOODWILL INDUSTRIES OF MIDDLE ) | |
| GEORGIA, INC. and BRUCE OZGA, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Emergency Motion to Enjoin Extrajudicial Statements (doc. no. 16), which alleges Plaintiff reacted to a settlement offer by threatening "a media blitz" utilizing a podcaster whose millions of followers would flood Defendants with thousands of daily calls and force them to "fold to his demands." (Id. at 2.)  Defendants argue such an alleged onslaught of publicity will likely taint the prospective jury pool, interfere with a fair trial, and prejudice the administration of justice.  (Id. at 3-4.)

Certainly, the publicity campaign alleged by Defendants in their motion would violate the clear dictates of Local Rule 11.2 for Civil Actions, which provides as follows:

> It is the duty of every lawyer or law firm associated with the case not to release or authorize the release of information or an opinion, which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent civil litigation with which he or his firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

This rule applies directly to *pro se* litigants.  Maus v. Ennis, 513 F. App'x 872, 879 (11th Cir.

2013) (*per curiam*); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

During a teleconference with all parties on October 24, 2023, Plaintiff disavowed any intention to pursue any publicity or media attention concerning his case or Defendants, and he further represented he has taken no such action since the filing of the subject EEOC complaint through the present. Furthermore, all parties asked the Court to enter a consent order to prevent any such action by any party.

The Court **GRANTS** the parties' oral consent motion and **ORDERS** all parties to comply with Local Rule 11.2 by refraining from making any extrajudicial statements concerning this case that would be reasonably likely to interfere with a fair trial or otherwise prejudice the due administration of justice. This prohibition is consistent with the Court's inherent "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates" as to all parties appearing before it. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Anderson v. Dunn, 6 Wheat. 204, 227 (1821)); see also Sheppard v. Maxwell, 384 U.S. 333, 361 (1966) (noting in the criminal context that "the trial court might well have proscribed extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters"). Any violation of this Order by Plaintiff or Defendants will result in the harshest sanctions allowable under the circumstances. In light of the parties' oral consent motion, an injunction is unnecessary at this time and Defendants' motion is **MOOT**. (Doc. no. 16.)

SO ORDERED this 27th day of October, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA